■ SHALAN GORELIK, an Infant, by His Mother and Natural Guardian, OLGA GORELIK, et al., Plaintiffs, v LUNA PARK VILLAGE, INC., Defendant. LUNA PARK HOUSING CORP., Third-Party Plaintiff-Appellant, v MARVIN GOLD MANAGEMENT CO., INC., Third-Party Defendant-Appellant. LUNA PARK HOUSING CORP., Second Third-Party Plaintiff-Appellant, v PRUDENTIAL BUILDING MAINTENANCE CORP., Second Third-Party Defendant-Respondent. LUNA PARK HOUSING CORP., Fourth-Party Plaintiff-Appellant, v FLAIR MAINTENANCE COMPANY, Fourth-Party Defendant-Appellant. [609 NYS2d 775] —Order, Supreme Court, Kings County (Irving Aronin, J.), entered on or about January 9, 1992, which granted defendant's motion for an order of preclusion only to the extent of directing that, after a "diligent search" for the name and address of a non-party "eye doctor", plaintiff submit an affidavit either identifying the doctor or stating that the name and address could not be determined, unanimously affirmed, with costs.

It was not an abuse of discretion for the court to conclude that there was no willful misconduct justifying the drastic sanction of preclusion *(see, e.g., Balsam v Nicolosi Bldg. Co.,* 36 AD2d 533, 534), particularly given the lack of record evidence to support defendant's speculation that the records of the unidentified ophthalmologist will show plaintiff infant's hydrocephalus condition to be preexisting.

We have considered the remaining arguments, and find

them to be without merit. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.